IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS LEE BRINCEFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:20CV767 |
| ) | 1:17CR25-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On June 8, 2023, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties pursuant to 28 U.S.C. 636. (ECF Nos. 64, 65).

Petitioner filed objections within the time limit prescribed by § 636. (ECF No. 66). The Court has reviewed Petitioner's objections *de novo* and finds that they do not change the substance of the United States Magistrate Judge's Recommendation, which is affirmed and adopted.

In the Objections, Petitioner attempts to add assertions regarding an alleged breach of the Plea Agreement. However, the provision of the Plea Agreement that he cites simply notes that "the United States and the defendant, Thomas Lee Brincefield, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing." (Plea Agreement at 8, (ECF No. 8.) At sentencing, counsel for Defendant specifically brought relevant facts and objections to the Court's attention, including a challenge to the drug amounts attributed to Defendant, and the Assistant United States Attorney likewise brought relevant facts to the Courts attention, including evidence and information regarding the drug

amounts, which the Court then used to determine the applicable Guideline Range. Thus, as provided in the Plea Agreement, both sides brought to the Court's attention facts that were relevant for purposes of sentencing. Counsel for Defendant did not perform deficiently, nor was there any breach of the Plea Agreement by the Government.

In addition, Petitioner attaches to his Objections a pro se position paper that was originally filed prior to sentencing, (ECF No. 29), and was considered and discussed at the sentencing proceeding, but nothing about that filing would form the basis for a claim of ineffective assistance of counsel at sentencing.

**IT IS THEREFORE ORDERED** that Petitioner's Motion, (ECF No. 52), and Amended Motion, (ECF No. 53), to vacate, set aside, or correct sentence are **DENIED**, and this action is **DISMISSED**. There being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

This, the 4th day of August 2023.

/s/ Loretta C. Biggs
United States District Judge